DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

Attorneys for Acting United States Trustee
 SARA L. KISTLER

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>DAVID AND HARMONY LOHREY,<br><br>  Debtors in Possession. | No. 09-10339 AJ<br><br>Chapter 11<br><br>Date: March 13, 2009<br>Time: 10:00 A.M.<br>Ctrm: Hon. Alan Jaroslovsky<br>  99 South "E" Street<br>  Santa Rosa, CA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF U.S. TRUSTEE'S MOTION TO CONVERT CASE UNDER 11 U.S.C. § 1112(b) OR ALTERNATIVELY APPOINT A CHAPTER 11 TRUSTEE UNDER §1104(a)**

The Acting United States Trustee herein submits this memorandum of points and authorities in support of her motion to convert this case to chapter 7 under 11 U.S.C. § 1112(b) or, alternatively appoint a chapter 11 trustee under 11 U.S.C. §1104(a).

Section 1112(b)(4)(E) mandates conversion for failure to obey a court order. Section 1112(b)(4)(F) mandates conversion for the unexcused failure to timely satisfy filing or reporting requirements. Here Debtors acting *pro se* have failed to timely file schedules and statement of financial affairs, they have failed to comply with this Court's order that they do so and they have not provided any excuse for their failure to timely file the required documents.

Alternatively, the Court should appoint a chapter 11 trustee under §1104(a)(1), (2) and (3). In Debtor's wholly owned business case, *Lohrey Enterprises*, 08-12206, the UST made a *prime facie* showing of cause for a trustee based on gross mismanagement by David Lohrey through the un- controverted declarations of key employees of Lohrey Enterprises supporting the appointment of a

trustee for cause under 1104(a)(1) and (2) which order for appointment occurred on November 3, 2008.

In addition, under 1104(a)(3), the court may appoint a trustee here where there are grounds for conversion under 1112(b) if it is in the best interest of the creditors. Here 1112(b) grounds are clearly shown.

## I. JURISDICTION AND STANDING

Pursuant to 28 U.S.C. § 586, the United States Trustee has standing to file a motion to convert a case under chapter 11 pursuant 11 U.S.C. § 1112(b). Section 586(a)(8) of Title 28 added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") states as follows:

> (a) Each United States Trustee . . . shall - (8) in any case in which the United States trustee finds material grounds for any relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief.

28 U.S.C. § 586(a).

## II. POINTS AND AUTHORITIES

### A. CAUSE EXISTS TO CONVERT THIS CASE

Section 1112(b), as revised under BAPCPA, provides in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b).

Section 1112(b), as revised under BAPCPA, states that, "after notice and a hearing, absent unusual circumstances specifically identified by the court . . ., the court shall convert a [chapter 11 case] to a case under chapter 7 or dismiss a [chapter 11 case], whichever is in the best interests of creditors, if the movant establishes cause." 11 U.S.C. 1112(b). Examples of "cause" for dismissal or conversion encompass both pre- and post-confirmation conduct, including failure to comply with an order of the court, 11 U.S.C. §1112(b)(4)(E), and unexcused failure to satisfy timely any filing or reporting requirements, 11 U.S.C. §1112(b)(4)(F).

Here Debtors acting *pro se* have failed to timely file schedules and statement of financial affairs, they have failed to obey the Court's order to file said documents and they have provided no excuse for the failure to file the required documents.

**B.  CAUSE EXISTS FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 1104(a)(1) AND (2).**

Section 1104(a) of the Bankruptcy Code requires appointment of a chapter 11 trustee where any of three statutory grounds are established.  Under section 1104(a)(1), the court must appoint a chapter 11 trustee if it finds "cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause." 11 U.S.C. § 1104(a)(1).  The enumerated grounds are not the exclusive bases for "cause" to appoint a trustee.  In re Consol. Pioneer Mortgage Entities, 248 B.R.368, 375 (9th Cir. BAP 2000); In re Oklahoma Refining Co., 838 F.2d 1133, 1136 (10th Cir. 1989) ("It is clear, both from the language of the statute and established case law, that the court need not find any of the enumerated wrongs in order to find cause for appointing a trustee.").

Section 1104(a)(2) provides for the court to order appointment of a chapter 11 trustee when doing so would be in "the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2); see also In re Sonicblue, Inc., 2007 WL 926871 (Bankr. N.D. Cal., Mar. 26, 2007) at *11 (§ 1104(a)(2) creates "a flexible standard for appointing a trustee . . ..").

Grounds exist under both of these bases for the immediate appointment of a chapter 11 trustee**.**

As specified in the declarations of Jimmy Mosley and Henry Lopez, senior employees of Lohrey Enterprises, the following occurred:

> On October 24, 2008, Mr. Lohrey asked several employees to weigh out 'pooled linen' for immediate billing to Kaiser Permanente, a major customer of the debtor.  Mr. Lohrey directed that the same linen be returned to the shelf for subsequent delivery and billing to Kaiser.  The employees involved refused to comply in this fraud.  Mr. Lohrey told them he would seek other employees to assist him.

These alleged acts in the *Lohrey Enterprises* case constitutes cause for the appointment of a chapter 11 trustee in this case as they provide evidence that David Lohrey is untrustworthy and dishonest, establishing that he is not competent to be a fiduciary for his creditors.

**C.    CAUSE EXIST TO APPOINT A TRUSTEE UNDER §1104(a)(3)**

Section 1104(a)(3) provides that where cause exists for conversion under §1112(b), the court may appoint a trustee or examiner if it is in the best interest of the creditors.  Here the UST has

provided facts mandating conversion under 1112(b) by virtue of the Debtors failure to file schedules and statement of financial affairs and failure to obey this Court's order. Accordingly, a trustee should be appointed if it is in the best interests of the creditors.

Here a trustee is in the best interest of the creditors. Debtors acting *pro se* in this case have shown that they are not competent by failing to file essential documents and obey the Court's order. Further, evidence submitted in the *Lohrey Enterprises* case has shown David Lohrey to be dishonest and untrustworthy. Again establishing he is not an appropriate fiduciary for his creditors.

### III. CONCLUSION

Based on the foregoing the U.S. Trustee submits that the Court should convert this case to chapter 7 or appoint a chapter 11 trustee for cause shown.

Dated: March 3, 2009

Respectfully submitted,

Sara L. Kistler,
Acting United States Trustee

By: *Patricia A. Cutler, #50352*
Attorney for the U.S. Trustee